IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES GREEN, 0Z-7962,<br>    Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 07-960<br>) |
| LOUIS FOLIO, et al.,<br>    Respondents. | )<br>)<br>) |

MEMORANDUM OPINION

James Green, an inmate at the State Correctional Institution at Greene has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Green is presently serving a three and a half to twelve year sentence imposed upon his conviction of burglary, PIC, criminal mischief and escape at Nos. CC 9312577 and CC 9311844 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] The sentence was imposed on May 5, 1994.

An appeal was taken to the Superior Court which affirmed the judgment of sentence on August 14, 1995.[2] A post conviction petition was filed on September 8, 1995.[3] That petition was

---

[1] While the petitioner represents that his guilt was determined by a jury, the Superior Court in its Memorandum of May 19, 2000 (Attached hereto), states that he pled guilty to some of the charges and proceeded to jury trial on other charges. However, for purposes of resolution here this matter need not be determined.

[2] See: May 19, 2000 Memorandum of the Superior Court.

[3] Id.

1

dismissed and on appeal the denial of relief was affirmed on May 19, 2000.

A second post-conviction petition was filed on February 16, 1999 and dismissed on April 21, 1999. The denial of relief on grounds of untimeliness was affirmed by the Superior Court on May 19, 2000.[4] The present petition was executed on July 8, 2007.

In the present petition, Green contends he is entitled to relief on the grounds that:

1. Inordinate delay by Common Pleas Court to hear habeas Corpus filed 1999.

2. Miscalculation by Department of Corrections of Sentence Orders - Maximum sentence expired 2005.

3. Failure of sentence order to include adjudication of Count 2 of information CC 199312577 - resulting in a void sentence.[5]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[4] Id.

[5] See: Petition at ¶ 13.

shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the conviction on August 14, 1995 and leave to appeal to the Pennsylvania Supreme Court was sought. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on September 13, 1995. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought post-conviction relief September 8, 1995. That petition was dismissed and denial of post-conviction relief was affirmed by the Superior Court on May 19, 2000. The instant petition was executed on July 8, 2007. Since the delay in seeking relief here far in exceeds of the one year period in which to seek relief the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.[6]

For this reason, the petition of James Green for a writ of habeas corpus is dismissed, and

---

[6] We also observe that the fact that Green subsequently submitted habeas corpus petitions to the state courts is irrelevant here, since those would be challenged through the state appellate process and not in an independent habeas corpus petition filed in this Court.

because no viable constitutional issue exists upon which a reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability is denied.

  Judgment will be entered accordingly.

|  |  |
|---|---|
|  | s/Robert C. Mitchell, |
| Dated: August 15, 2007 | United States Magistrate Judge |